# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | Case No. 4:17-cr-000595 |
| v. ) | |
| ) | |
| ) | |
| **JEVANTAE PHILLIPS,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## PLAINTIFF UNITED STATES OF AMERICA'S MOTION TO AUTHORIZE PAYMENT FROM INMATE TRUST ACCOUNT

COMES NOW the Plaintiff, UNITED STATES OF AMERICA, by and through its attorneys, Sayler A. Fleming, United States Attorney for the Eastern District of Missouri, and Anthony J. Debre, Assistant United States Attorney for said District, pursuant to 18 U.S.C. §§ 3613(a) and 3664(n), requests this Court enter an Order authorizing the Bureau of Prisons to turnover to the Clerk of the Court funds held in the inmate trust account of Defendant JEVANTAE PHILLIPS, Reg. No. 47229-044, as payment toward the criminal monetary penalties imposed in this case. In support of this motion, the government states as follows:

1. On September 27, 2018, Defendant pleaded guilty to one count of carjacking in violation of 18 U.S.C. § 2119 and 18 U.S.C. § 2119(2); one count of brandishing a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1) and 18 U.S.C. § 924(c)(1)(A)(ii); and one count of interfering with commerce by threats or violence in violation of 18 U.S.C. § 1951(a). Doc. 147 at pg. 1.

1

2.  On February 13, 2019, this Court sentenced Defendant to a total of 132 months imprisonment, and 3 years supervised release. *Id.* at pgs. 2, 3. This Court also ordered Defendant pay $920.83 in restitution and a special assessment of $300.00. *Id.* at pg. 6. As of the date of this filing, Defendant has paid $25.00 toward the total balance of this debt, while the amount that remains owed and outstanding is $1,195.83.

3.  Defendant remains in federal custody serving his sentence of imprisonment. According to the U.S. Bureau of Prison's Inmate Locator System, Defendant is presently incarcerated at Terre Haute FCI in Terre Haute, Indiana. He is scheduled to be released from federal custody on March 9, 2027.

4.  Pursuant to Title II, Subtitle B, of the Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act"), Pub. L. 116-136 (2020), individuals with an adjusted gross income in 2019 of $75,000 or less were eligible to receive $1,200 tax credits from the Treasury Department. On October 14, 2020, the U.S. District Court for the Northern District of California ruled that the Treasury Department wrongfully withheld CARES Act tax credits from incarcerated individuals. *See Scholl v. Mnuchin*, 2020 WL 6065059 (N.D. Cal. Oct. 14, 2020). As a result, the Treasury Department has issued tax credit payments to incarcerated individuals, including Defendant.

5.  The Treasury Department remitted the tax credit payment to Defendant's inmate trust account maintained by the Bureau of Prisons ("BOP").[1] At the request of the U.S. Attorney's

---

[1] The purpose of inmate trust accounts or commissary accounts is to allow the BOP to maintain inmates' monies while they are incarcerated, including monies received by the inmate from prison employment and outside sources. 28 C.F.R. §§ 506.1, 545.11. Family, friends, or other sources must deposit funds for the benefit of the inmate into these accounts. *Id.* Deposits intended for the inmate's account must be mailed directly to the BOP's centralized commissary account. 28 C.F.R. § 540.23.

Office, Defendant's inmate account has been encumbered against further transfer, withdrawal, or assignment.  On January 4, 2021, the BOP notified the U.S. Attorney's Office that it had encumbered the funds in Defendant's inmate trust account.  By this motion, the United States seeks entry of an order authorizing the BOP to turn over to the Clerk of the Court the funds in Defendant's trust account he received from the Treasury Department under the CARES Act.  The funds should be applied toward Defendant's outstanding criminal monetary penalties.

6. Title 18, Section 3613 sets forth the procedures for the United States to enforce criminal monetary penalties, including criminal restitution and fines.  Specifically, a sentence including criminal restitution or a fine acts as a lien in favor of the United States on all property and rights to property of the person fined.  18 U.S.C. § 3613(c).  Thus, the United States' lien attaches to Defendant's interest in funds held by the BOP in his inmate trust account.  *See also,* 18 U.S.C. § 3613(a) (government enforces restitution against all property and rights to property of the defendant); 18 U.S.C § 3664(m) (government may use all available and reasonable means to collect restitution).

7. Title 18, Section 3663A, requires Defendant's resources received from any source during his term of incarceration be applied to his outstanding criminal monetary penalties.  Specifically, 18 U.S.C. § 3664(n) provides that, "[i]f a person obligated to provide restitution, or pay a fine, receives substantial resources *from any source*, including inheritance, settlement, or other judgment, during a period of incarceration, such person *shall be required* to apply the value of such resources to any restitution or fine still owed" (emphasis added).

8. The United States submits that an order authorizing the turnover of Defendant's inmate trust account is appropriate here and the United States is not required to rely upon other

3

formal collection remedies such as garnishment[2] of or execution upon property to obtain these funds. The funds at issue currently are in the BOP's possession and the United States has a valid lien over this property.

9. Furthermore, because the property is cash, it does not fall within any applicable categories of exempt property that a defendant may claim in a criminal case. 18 U.S.C. § 3613(a)(1) (setting forth the applicable IRS property exemptions for criminal cases). For criminal debts such as fines and restitution, federal law provides that the only categories of exempt property are: (1) wearing apparel and school books; (2) fuel, provisions, furniture, and personal effects; (3) books and tools of a trade, business, or profession; (4) unemployment benefits; (5) undelivered mail; (6) annuity or pension payments under certain, specified federal statutes; (7) workmen's compensation; (8) judgments for support of minor children; (9) certain service-connected disability payments; and (10) assistance under the Job Training Partnership Act. 18 U.S.C. § 3613(a)(1). Accordingly, Defendant cannot properly claim that the funds held in his inmate trust account are exempt from payment of a fine.[3]

10. Defendant is required to notify this Court and the Attorney General of any material change in his "economic circumstances" that might affect Defendant's ability to pay restitution. 18 U.S.C. § 3664(k). "Upon receipt of the notification, the court may, on its own motion, or the motion of any party, including the victim, adjust the payment schedule, or require immediate payment in full, as the interests of justice require." *Id.* The receipt of over $1,200 constitutes a

---

[2] Congress specifically exempted the $1,200 tax credits from garnishment for reasons other than arrearage on unpaid child support.

[3] By statute, challenges to a garnishment of the defendant's property are limited to: (1) the probable validity of any claim of exemption; and (2) compliance with any statutory requirements for the issuance of the post-judgment remedy granted. 28 U.S.C § 3202(d).

4

material change in Defendant's "economic circumstances" that affects his ability to pay restitution under section 3664(k).

11. The United States is serving Defendant with a copy of this motion by first class mail, postage prepaid, and he may object to the intended use of his property. The United States is not aware of any other party who may claim an interest in this property.

12. The United States submits that the requested relief is reasonable and appropriate in this instance where Defendant has accumulated significant funds in his inmate trust account. Also, without this relief, the BOP will be required to allow Defendant access to these funds, allowing him – or others – the opportunity to dissipate, conceal, or transfer the funds without first paying restitution.

WHEREFORE, for the reasons explained above, the United States requests that this Court grant its motion.

DATED January 11, 2021                    Respectfully submitted,

                                          SAYLER A. FLEMING
                                          United States Attorney


                                          /s/ *Anthony J. Debre*
                                          ANTHONY J. DEBRE #67612 MO
                                          Assistant United States Attorney
                                          Thomas F. Eagleton U.S. Courthouse
                                          111 South Tenth Street, 20th Floor
                                          St. Louis, Missouri 63102
                                          (314) 539-2200 office
                                          (314) 539-2196 fax
                                          anthony.debre@usdoj.gov

## Certificate of Service

The undersigned hereby certifies that on January 11, 2021, a true and accurate copy of the foregoing was served via U.S. Mail, postage prepaid, to the following:

Jevantae Phillips
Reg. No. 47229-044
FCI Terre Haute
Federal Correctional Institution
P.O. Box 33
Terre Haute, IN 47808

/s/ *Anthony J. Debre*
Anthony J. Debre
Assistant United States Attorney